UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID PARSLOW,

        Petitioner,

-vs-                                Case No.  8:07-cv-2112-T-17TGW

SECRETARY, DEPT. OF CORRECTIONS,

        Respondent.

_____/

## ORDER

      Before this Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by David Parslow, a Florida prisoner. The petition attacks Parslow's convictions for Capital Sexual Battery and Battery arising out of charges filed in the Sixth Judicial Circuit in Pasco County, Florida, in state circuit case number CRC01-3949CFAES.

PROCEDURAL HISTORY

      On October 3, 2001, the State Attorney filed an Information charging Parslow with one count of sexual battery on a victim less than twelve years of age (Capital Felony). (Exh 17: Vol. 1: R 1-6).[1] The incident allegedly occurred six years earlier, between April 1, 1995 and October 31, 1995. On October 29, 2003, the State filed an amended Information charging four counts of sexual battery during the same time frame. (Exh 17: Vol. 1: R 75-77). The State again amended the charging document on December 5, 2003, and altered the dates to allege that the offenses occurred between April 1, 1996, and November 30, 1996 (Exh 17: Vol. 1: R 113-115). Shortly thereafter the State filed an amended Statement of Particulars which reflected the

_____

      [1] Respondent filed the seven-volume record in Parslow's direct appeal as Respondent's Exhibit 17.

change in the dates alleged. (Exh 17: Vol. 1: R 121). The case proceeded to jury trial before the Honorable Wayne L. Cobb, Circuit Judge. Parslow was represented by Assistant Public Defender E. Dillon Vizcarra. On December 18, 2003, the jury found Parslow guilty of two counts of capital sexual battery as charged, and guilty of the lesser included offense of misdemeanor battery on two counts. (Exh 17: Vol. 1: R 154-157).

On December 23, 2003, the court sentenced Parslow to consecutive mandatory life sentences in Florida State Prison on the two capital sexual battery counts, and to time-served on the simple battery convictions. (Exh 17: Vol. 2: R 214-221). On February 11, 2004, the court issued an amended sentence providing the life sentences are to run concurrently. In addition, the court declared Parslow to be a sexual predator. (Exh 17: Vol. 2: R 234).

Direct Appeal

Parslow pursued a direct appeal. J. L. "Ray" LeGrande, the Special Assistant Public Defender assigned to represent Parslow on appeal, filed an initial brief (Exhibit 1) raising three issues:

Issue I

THE TRIAL COURT FAILED TO CONDUCT A NELSON INQUIRY.

Issue II

THE TRIAL COURT'S DENIAL OF MOTION FOR CONTINUANCE PLACED ADEQUATE PREPARATION OF APPELLANT'S DEFENSE AT RISK AND DENIED HIM DUE PROCESS.

Issue III

THE TRIAL COURT PROHIBITED APPELLANT FROM EXPLAINING THE NATURE OF HIS PRIOR CONVICTIONS.

The State filed its answer brief. Prompted by Attorney LeGrande's motion to strike certain portions of the answer brief, the State agreed to omit those portions and thereafter filed an amended answer brief. (Exhibit 2). Parslow then filed a reply brief. (Exhibit 3). On May 13, 2005, in Case No. 2D04-352, the Second District Court of Appeal filed an unwritten per curiam opinion affirming Parslow's convictions and sentence. (Exhibit 4). *Parslow v. State*, 907 So. 2d 531 (Fla. 2nd DCA 2005)[table]. Parslow filed a pro se motion for rehearing and rehearing en banc (Exhibit 5), which the appellate court denied on July 25, 2005. (Exhibit 6). The mandate issued August 11, 2005. (Exhibit 7).

## State Petition for Writ of Habeas Corpus

On October 3, 2005, in Case No. 2D05-4874, Parslow filed a petition for writ of habeas corpus in the appellate court alleging ineffective assistance of appellate counsel. (Exhibit 8). Parslow claimed his appellate attorney was ineffective for failing to raise the *Nelson* hearing issue on direct appeal as a violation of Parslow's federal constitutional rights. On October 20, 2005, the appellate court issued an order denying the petition without discussion. (Exhibit 9). *Parslow v. State*, 914 So. 2d 966 (Fla. 2d DCA 2005)[table].

## Rule 3.850 Motion for Postconviction Relief

On November 7, 2005, Parslow filed a pro se Motion for Postconviction Relief, pursuant to Florida Rule of Criminal Procedure 3.850. (Exhibit 10). Parslow raised nine allegations of ineffective assistance of trial counsel. On June 21, 2006, the trial court issued an order in which it summarily denied all grounds but ground eight,[2] and directed the State to file a

---

[2] In ground eight of the postconviction motion (Ground Ten of the instant petition), Parslow alleged his attorney was ineffective for failing to object to the use of a leg restraining device placed on Parslow during trial.

response to that allegation. (Exhibit 11).[3] The State filed its response on October 10, 2006. (Exhibit 12). On November 20, 2006, the trial court issued a final order denying the motion for postconviction relief. (Exhibit 13).

Parslow appealed the adverse rulings. The appellate court's docket reflects Parslow filed an initial pro se brief. (Exhibit 14). Because of the summary nature of the proceeding, the State did not file an answer brief. On July 13, 2007, in Case No. 2D06-5566, the Second District filed a per curiam unwritten opinion affirming the trial court's denial of postconviction relief. (Exhibit 15). *Parslow v. State*, 962 So. 2d 911 (Fla. 2d DCA 2007)[table]. Parslow filed a motion for rehearing and rehearing en banc, which was denied on August 14, 2007. (Exhibit 16). The mandate issued August 30, 2007. (See Exh 12).

## THE PRESENT PETITION

Parslow signed the § 2254 petition on November 13, 2007 raising ten grounds for relief. (Doc. No. 1). The petition is timely.

## AEDPA STANDARD OF REVIEW

Parslow's federal petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also, Bell v. Cone*, 160 L. Ed. 2d 881, 125 S. Ct. 847

---

[3] See the State's supplemental exhibit 18 for Petitioner's reply to the State's response.

(2005)(habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given benefit of the doubt)[citing 28 U.S.C.A. § 2254(d)]).

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involve an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

## INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

Parslow raises seven allegations of ineffective assistance of trial counsel in the present federal petition. In order to show a violation of the Sixth Amendment right to counsel, Parslow must satisfy the two-pronged inquiry of *Strickland v. Washington*, 466 U.S. 668, 687(1984). *Bell v. Cone*, 535 U.S. 685, 698 (2002)(courts should apply *Strickland* to claims that counsel failed to satisfy constitutional requirements at specific points). First, Parslow must demonstrate that his attorney's performance was deficient, meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, Parslow must prove prejudice, in that he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, 466 U.S. at 694. A reasonable

probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. Parslow must prove both prongs of *Strickland*. Therefore, if he fails to establish either deficient performance or prejudice, the court need not address the other prong. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice,...that course should be followed."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998). In this case, the state court's denial of Parslow's ineffective counsel claims is neither contrary to, nor an unreasonable application of, the *Strickland* standard.

## DISCUSSION

## GROUND ONE

Parslow contends the trial court erred in failing to conduct a *Nelson* hearing in violation of his Sixth and Fourteenth Amendment rights. Parslow alleges he filed three pretrial motions in the state court seeking to dismiss counsel for incompetent and ineffective assistance and to appoint another attorney, but the trial court never conducted a *Nelson* inquiry.

This claim raises a matter of state law which is not cognizable in this § 2254 federal proceeding. Federal habeas relief is available to correct only those injuries resulting from a violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *Wainwright v. Goode*, 464 U.S. 78 (1983); *Engle v. Isaac*, 456 U.S. 107, 119 (1982). Errors which do not infringe upon federally protected rights provide no basis for federal habeas corpus relief.

A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held "in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). A state's

interpretation of its own rules or statutes does not raise a federal constitutional issue. *Wainwright v. Goode*, 464 U.S. 78 (1983), *reh'g denied*, 465 U.S. 78 (1984). The writ of habeas corpus, 28 U.S.C. § 2254, was not enacted to enforce state-created rights. *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000).

Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution, not to correct errors of fact. *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Even when a petition which actually involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is of equal force. *See Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976).

Second, the claim is procedurally barred because it was not preserved for appellate review in the state court. Under state law, Parslow's failure to secure a hearing on his motions acts as a waiver of the issue. The issue was presented in Parslow's brief on direct appeal, and the State responded that the issue was waived. The State's amended answer brief on direct appeal states:

> Appellant filed three motions seeking to dismiss counsel, found at pages 18, 23 and 150 of the record on appeal. Appellant asserts, and the State agrees, that the record before this Honorable Court does not contain any indication that the trial court addressed the merits of any of Appellant's Motions. The record plainly indicates, however, that Appellant had every opportunity to request a ruling on his motion to discharge counsel but neglected to do so. *Armstrong v. State,* 642 So. 2d 730 (Fla. 1994). The State would therefore suggest that he has waived his right to appellate review of this issue, and this Court should affirm.

Exh 2: Appellee's Amended Answer Brief, page 4. Parslow's conviction and sentence were affirmed on appeal. Consequently, as a matter of state law, the *Nelson* hearing issue was not preserved for appeal and is procedurally barred.

Claims that are procedurally defaulted in state court are not reviewable by this Court unless the petitioner can demonstrate cause for the default and actual prejudice, *Wainwright v. Sykes*, 433 U.S. 72(1977), or by establishing the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent" contemplated in *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991); *Marek v. Singletary*, 62 F.3d 1295, 1301-02 (11th Cir. 1995). Cause must ordinarily be something external to the defense. *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995), and allegations of cause are subject to default. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000)(ineffective assistance of counsel claim asserted as cause for procedural default of another federal claim could itself be procedurally defaulted).

To show "prejudice," a petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis,* 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982). A petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson v. Campbell*, 353 F.3d at 892.

In this case, Parslow has exhausted his "cause" argument by bringing to the state court a claim of ineffective assistance of appellate counsel for failing to raise a constitutional argument in his initial brief. However, Parslow cannot demonstrate prejudice because the issue was not preserved for appellate review and appellate counsel was therefore not remiss in failing to include this issue in the brief. (See Ground Four below).    Finally, even if the matter were reviewable by this Court, Parslow's claim is procedurally barred for failure to preserve at trial,

and raise on direct appeal, any argument that the state court's actions or omissions resulted in a violation of his federal constitutional rights. Parslow concedes the *Nelson* hearing issue was not presented to the state courts as a federal constitutional claim in his argument in the petition for writ of habeas corpus in the state appellate court and the § 2254 petition in this Court that appellate counsel was ineffective for failing to put the state court on notice that he was raising a federal constitutional violation. (See Ground Four of the § 2254 petition). Consequently, as Parslow is well aware, the constitutional dimension of the *Nelson* hearing issue was not fairly presented to the state court and is now unexhausted and procedurally barred.

Ground One does not warrant relief.

## GROUND TWO

Parslow complains that the trial court's denial of his motion for continuance placed adequate preparation of his defense at risk and denied him due process of law. Parslow's argument is without merit.

The record shows the State's first charging document alleged that Parslow sexually assaulted his daughter some time between April 1 and October 31 of 1995. (Exh 17: Vol. 1: R 1). The State later amended the charging document to add several charges on October 29, 2003. (Id. at 75-77). The State again amended the charging document December 5, 2003, and altered the dates to allege that the offenses occurred between April 1, 1996, and November 30, 1996. (Id. at 113-115). Shortly thereafter the State filed an amended Statement of Particulars which reflected the change in the dates alleged. (Id. at 121). Parslow's complaint is that because the last amendment to the information occurred just ten days before trial was scheduled to begin, the trial court should have granted his motion to continue the trial.

In Florida, the decision of whether or not to continue a trial is a matter which rests squarely within the trial judge's discretion; only in a case where no reasonable judge would have so ruled is it proper to reverse a judge's denial of a motion to continue. *Lusk v. State*, 446 So. 2d 1038 (Fla. 1984). In the present case, Parslow's motion to continue was based upon the State's late amendment of the charging document, and it is quite understandable that Parslow would complain. He had an airtight alibi for the dates alleged in the first charging document, as the record indicates that he was incarcerated during those dates. (*Id.* at 109). The effect of the State's amendment of the charging document was to nullify the impact of Parslow's alibi. However, when the facts of the case are considered, it is plain that the trial court did not abuse its discretion in denying Parslow's motion.

Because of the nature of the allegations in Parslow's case, the number of witnesses involved was quite small. In essence, the State's case hinged upon the testimony of the victim, the victim's brother, and the victim's mother. The victim had no direct recollection of the dates of the offenses other than that she was somewhere between the ages of 6 and 8 when it occurred (Exh 17: Vol. 4: T 301, 310, 306). The victim's mother, Tracie Prendergast, testified that she allowed Parslow to take the two children (the victim and her brother) on overnight visits once Parslow was released from jail, and that the visits occurred some time during 1996. (Id. at 356-357). The victim did not disclose the fact that she had been sexually molested by her father until many years after the acts had occurred; she did not reveal anything about it until she was in the seventh grade. (Id. at 312). The child's recollection of certain details of the event provided sufficient credibility to her story to allow the jury to accept that it had in fact occurred. The victim's brother corroborated the fact that the two children did in fact spend the night on several occasions at Parslow's residence. On one of those visits, the brother testified that he

saw his sister in Parslow's bed, and that he observed her bare shoulders, which lead him to conclude that she was not wearing a shirt at the time. (Id. at 335-336). The brother's testimony corroborated the victim's testimony, in that he supported her claim that she was sexually assaulted in her father's bed. The significance of the mother's testimony was to establish when and where the acts took place.

Parslow's argument at the trial level was that he needed additional time because he wanted to re-depose the child victim as well as the mother. (Exh 17: Vol. 2: T 3-12). The trial court's decision to deny the motion to continue was based upon argument from the State as well as defense counsel, coupled with the fact that Parslow had filed several pro se demands for a speedy trial, which he re-asserted during counsel's argument requesting a continuance of the trial. The trial court concluded that it was not necessary to re-depose the victim, but did allow Parslow to redepose the child's mother, specifically finding that there was sufficient time to permit him to do so without continuing the trial. (Id. at 8-10). The record indicates that Parslow did in fact re-depose the mother.[4] Other than deposing the victim's mother again and discussing the matter further with his client, Parslow was unable to articulate any other grounds for requesting a continuance, nor does he articulate in the federal petition any additional evidence or witnesses that he might have been able to produce had he been granted a continuance. Accordingly, Parslow failed to establish that the trial court abused its discretion in denying his motion to continue the trial. Parslow did not show that a continuance would have resulted in any benefit to the defense case, nor does it appear that Parslow suffered any prejudice from the trial court's decision not to grant him additional time to prepare for trial.

---

[4] See Exh 17: Vol. 1: Docket Sheet, page 2.

Accordingly, even if properly before this Court, the denial of Parslow's motion for continuance was objectively reasonable, and Parslow's constitutional rights were not violated.

Ground Two does not warrant relief.

## GROUND THREE

Parslow next complains that the trial court erred by refusing to permit him during direct examination to explain the nature of his prior felony convictions. He asserts that he wanted to be able to explain to the jury the fact that while he did have a history of felony convictions, none of those convictions were for offenses similar to what he was then charged with. First, Respondent maintains this claim fails to present a federal constitutional question, and therefore this Court is without jurisdiction to consider the issue. Second, Ground Three has not been exhausted by preservation at trial and presentation of the constitutional dimension of such in the state courts.

Finally and alternatively, Parslow can not demonstrate prejudice under the *Strickland* standard even if Ground Three is properly before this Court in this habeas proceeding. At trial, the State successfully objected to Parslow's attempt to testify that he  had never been previously investigated by HRS for sexual misconduct, and when defense counsel asked Parslow to disclose the nature of his felony convictions. (Exh 17: Vol. 5: T 479, 480). On appeal, Parslow argued the trial court erred in sustaining the objections, and Parslow should have been allowed to testify that he had never been convicted of a sexual offense. The State countered in its answer brief that the trial court's ruling was proper. Alternatively, the State correctly argued even if Parslow had been entitled under state law to testify about the nature of his prior convictions, he suffered no prejudice from being unable to do so. This is because Parslow did ultimately succeed in revealing the fact that he had never been convicted of any

sexual offenses to the jury. Parslow was initially permitted to explain to the jury that his prior felony record contained no convictions for crimes involving false statements or perjury, although he admitted that he had been convicted for passing worthless checks. (Exh 17: Vol. 5: T 472). Later, however, Parslow was allowed to tell the jury, over the State's objection, that his prior criminal history did not include any sexual offenses. (Exh 17: Vol. 5: T 496). Parslow was not prejudiced in the present case because the jury was fully aware that he had no prior convictions for any sexual offenses.

Ground Three does not warrant relief.

## GROUND FOUR

Parslow complains his appellate counsel was ineffective for failing to put the state court on notice that he was raising a federal constitutional violation on Issue I of Parslow's direct appeal, regarding the trial court's alleged failure to hold a *Nelson* hearing. The same *Strickland* standard applies whether the courts are considering the performance of counsel at the trial or appellate level. *Eagle v. Linahan*, 279 F.3d 926, 938 (11th Cir. 2001)(citing *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987)). The federal courts have regularly held that appellate counsel is often well advised to choose the most promising arguments and is not obliged to crowd a brief with less promising ones which may detract. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). Moreover, appellate counsel cannot be deemed to have rendered ineffective assistance by failing to brief an issue that was not preserved for appeal or is without merit. *Chandler v. Dugger*, 634 So.2d 1066, 1068 (Fla. 1994)(cited in *Chandler v. Moore*, 240 F.3d 907, 916 (11th Cir. 2001); *Suarez v. Dugger*, 527 So.2d 190 (Fla. 1988).

Moreover, even if this issue was not procedurally barred, appellate counsel was not ineffective for failing to raise it on direct appeal because it lacks merit. A review of the motions

to dismiss reflects that although Parslow included conclusory boilerplate language regarding ineffective assistance of counsel claims, his actual complaint was that counsel failed to provide Parslow with discovery materials, and discouraged Parslow from seeking a jury trial. (Exh 17: Vol. 1: R 18, 23, 150). Because Parslow did not actually present an allegation that counsel was ineffective, the trial court was not required under Florida law to conduct a *Nelson* hearing. In *Guardado v. State*, 965 So. 2d 108 (Fla. 2007), the Florida Supreme Court reiterated that when the defendant makes generalized complaints about counsel, the trial court need not make a *Nelson* inquiry:

> However, "as a practical matter, the trial judge's inquiry can only be as specific as the defendant's complaint." [*Morrison v. State*, 818 So. 2d 432, 440 (Fla. 2002)] (citing *Lowe v. State*, 650 So. 2d 969 (Fla. 1994)). We found in *Morrison* that although Morrison made several requests to replace counsel, the claims "centered principally around Morrison's dissatisfaction with the amount of communication between him and counsel." *Id.* at 441. Furthermore, we noted, "[a] lack of communication, however, is not a ground for an incompetency claim." *Id.* Additionally, Morrison "expressed displeasure with counsel's refusal to provide copies of legal documents and efforts in contacting witnesses." *Id.* We found Morrison was not entitled to a *Nelson* hearing because "[t]hese complaints can best be described as general complaints about his attorney's trial preparation." *Id.* The record reflects Guardado made several general complaints that did not warrant a *Nelson/Hardwick* hearing. Guardado complained that counsel did not spend a lot of time with him and that he did not receive information about his case. This type of general complaint does not rise to the requisite level to warrant a *Nelson/Hardwick* hearing. In *Sexton v. State*, 775 So. 2d 923, 931 (Fla. 2000), we found defendant's statement asking for a delay of trial until he could obtain attorneys he could have confidence in merely expressed general dissatisfaction with the trial preparation of his lawyer. We found it was not a sufficient basis to support a contention that his attorney was incompetent. Similarly, in *Gudinas v. State*, 693 So. 2d 953, 961-62 (Fla. 1997), the defendant objected to his exclusion from an in-chambers discussion between the attorneys and the trial judge. We found defendant never specifically claimed defense counsel was acting in a legally incompetent manner and thus was essentially making a general complaint about trial strategy, a complaint that did not require a *Nelson* inquiry. Pursuant to *Morrison, Sexton*, and *Gudinas*, a *Nelson* inquiry is not required where defendant states generalized grievances.

*Guardado,* 965 So. 2d at 114-115. In this case, therefore, the trial court was not obligated to conduct a *Nelson* hearing, and appellate counsel was not ineffective for failing to present this meritless issue in Parslow's direct appeal.

Ground Four does not warrant relief.

GROUND FIVE

Parslow asserts trial counsel was ineffective for failing to abide by Parslow's "decisions and demands" not to base the case on an alibi defense, and refusing Parslow's demands to pursue a valid defense strategy based on the medical evidence and the conflicting hearsay evidence. Parslow raised this claim in state court in ground one of his motion for postconviction relief. The postconviction court properly denied the claim without hearing, based on the following:

> Defendant alleges counsel was ineffective for failing to abide by the defendant's decision to pursue a defense based on conflicting evidence and lack of medical evidence rather than an alibi defense. Defendant claims trial counsel wished to pursue a strategy based on an alibi defense. Defendant states that he informed counsel that the State would amend the offense dates and that he would not have an alibi for the amended dates. Counsel planned to assert an alibi defense claiming that the defendant was incarcerated on the dates the offenses were said to have occurred as alleged in the initial information.

> It is clear from the court record that trial counsel was pursuing an alibi defense. See Exhibit D: Trial transcript, page 4, lines 13-21. Upon learning that the dates had changed, trial counsel moved to have speedy trial waived and requested a continuance so that he could prepare another defense. The defendant objected to the continuance and stated that he did not wish to waive speedy trial and wished to "get the trial over with." See Exhibit D. Trial transcript, pages 5-6. Tactical or strategic decisions of counsel do not constitute ineffective assistance. *Gonzales v. State*, 691 So. 2d 1602 (4th DCA 1997). The court acknowledges that a hearing is generally required to determine that a certain action or inaction is trail strategy or tactical decision; however, in the instant matter, the record is clear that an alibi defense was trial counsel's strategy for trying the case. Defendant also acknowledges in his motion that an alibi defense was trial counsel's strategy. When counsel determined that he would not be able to present an alibi defense, he requested a continuance and stated he would

waive speedy. Defendant informed the court he was opposed to a continuance because he wanted to be done with the trial. Counsel informed defendant that a continuance could be done within the time of speedy trial if he did not wish to waive it, but defendant was still opposed to the continuance. See Exhibit D: Trial transcript, page 5, lines 11-22. Although the motion for continuance was denied, the trial did not start for two days and the court allowed trial counsel to redepose the mother of the victim to aid in the preparation of the case. Exhibit D: Trial transcript, page 11, lines 21-24. Additionally, trial counsel did in fact argue at trial that there was a lack of any physical evidence or medical findings that would indicate any sort of sexual abuse. See Exhibit D: Trial transcript, page 284, lines 7-15; pages 291-292; pages 423-444.

Defendant also claims trial counsel should have pursued a defense based on inconsistencies and should have called witnesses that had extensive contact with both the defendant and the victim during the time of the alleged offenses. Defendant claims calling these people as witnesses would have cast doubt on the testimony of the victim. This claim is also without merit. Defendant does not specifically state the names of these witnesses and only states that they could have testified as to the victim's mental and physical appearance during the time period the offenses were alleged to have occurred. Moreover, even if these witnesses had observed the victim during these time periods, the fact that they would testify that she did not appear to have any injuries is not likely to have changed the outcome of the trial. The instant case involved capital sexual battery; therefore, even if the witnesses stated that the victim did not have any injuries that they could see, that testimony does not necessarily indicate that sexual abuse did not occur due to the nature of the crime. This claim is denied.

Exh 11: Order Denying in Part, Directing State to Show Cause in Part, pages 1-2.

First, a trial counsel's strategic or tactical choices in a criminal case, after a thorough investigation of the law and facts, "are virtually unchallengeable in an ineffective assistance of counsel claim . . ." *Strickland*, 466 U.S. at 689-690. Moreover, the fact that a chosen strategy or defense was ultimately unsuccessful does not mean that counsel's performance was ineffective. *See Zamora v. Dugger*, 834 F.2d 956, 959 (11th Cir. 1987)(attorney's tactical decision to employ an insanity defense may not have been successful in retrospect, but *Strickland* allows trial counsel great latitude to conduct a defense). "The reasonableness of a counsel's performance is an objective inquiry." *Chandler v. United States,* 218 F.3d 1305, 1315

(11th Cir. 2000). For a petitioner to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." *Id.*

Second, even if Parslow were able to prove deficient performance regarding his attorney's chosen strategy in this case, the state court correctly concluded, for reasons set out in the above excerpt, that Parslow was not prejudiced by counsel's failure to present the medical experts and lay witnesses that Parslow "demanded" counsel present. Thus, the state court's rejection of Ground Five did not result in a decision that was either contrary to, or an unreasonable application of, the *Strickland* two-part test.

Ground Five does not warrant relief.

## GROUND SIX

Parslow alleges ineffective assistance of trial counsel based on counsel's failure to call three witnesses to testify for the defense. The state court found Parslow's allegations insufficient and speculative, and concluded he had shown no prejudice. This Court agrees. The state court order denying relief states in pertinent part:

> Defendant claims counsel was ineffective for failing to call several witnesses for the defense. Defendant claims he informed trial counsel to call his mother, Norma Lysiak, his stepfather, Ted Lysiak, and his sister, Nancy Rouse, as witnesses. Defendant claims these witnesses had close contact with the victim and could have testified that they did not observe any physical or mental trauma that the State's witness, Judith Adams, stated accompanied this type of abuse.

> Ms. Adams did not testify that the victim would necessarily have had trauma that would have been visible. Exhibit D: Trial transcript, pages 406-447. Trial counsel thoroughly cross examined Ms. Adams regarding the fact that there were no visible injuries on the victim when she conducted the examination. Any testimony the witnesses could have provided would not have been of the nature as to change the outcome of the trial; therefore defendant was not prejudiced. These witnesses were all related to the defendant, causing credibility to be an issue. Defendant does not allege how often these witnesses were contact with the victim or any specific instances where the illegal contact was said to occur

and the witnesses were present. Defendant's claim is speculative and conclusory. Additionally, the defense called as a witness the defendant's grandmother, Lucille Webber, who lived with the defendant while visitation occurred between the victim and the defendant and during the time the sexual contact was alleged to have occurred. The testimony of Ms. Webber's [sic], who resided with the defendant in a small trailer, would have had more of an impact than the witnesses defendant claims counsel failed to call. See Exhibit D: Trial transcript, pages 450-460. Due to the testimony that the witnesses would have given, and in light of the fact that the defendant's grandmother testified, the defendant fails to show that he was prejudiced by counsel's failure to call the witnesses named in this claim. This claim is denied.

Exh 11: Order Denying in Part, Directing State to Show Cause in Part, page 4.

Ground Six does not warrant relief.

## GROUND SEVEN

Parslow faults trial counsel for refusing Parslow's numerous written requests to depose and call as a witness an independent medical expert.

Defendant claims trial counsel was ineffective for failing to request an independent medical expert, or filing a motion to request funds to do so. Defendant alleges that the nurse, Judith Adams, who performed the physical examination of the victim, was contracted by the State and was biased. Defendant claims that an independent medical expert could have refuted Ms. Adams testimony that ninety percent of child abuse victims may not exhibit any discernable medical signs of the abuse. Defendant has failed to state any specific information regarding how Ms. Adams was biased. Bias is not established simply because she was contracted by the State. Ms. Adams was contracted by the Pasco Family Protection team and was the nurse on call when the victim made her complaint. See Exhibit D. Trial transcript, page 411-412. Ms. Adams was not retained by the State Attorney's Office as a medical expert. Trial counsel clearly questioned Ms. Adams regarding the statistic she presented and clarified that the percentage included cases where there was only a touching or fondling and not only penetration cases. See Exhibit D: Trial transcript, pages 440-441. Defendant has failed to show that the outcome of the trial would have been any different had a medical expert been retained. This claim is denied.

Exh 11: Order Denying in Part, Directing State to Show Cause in Part, page 4.

The state court's rejection of Ground Seven, based on Parslow's failure to establish prejudice, is objectively reasonable.

Ground Seven does not warrant relief.

## GROUND EIGHT

Parslow also claims trial counsel was ineffective for failing to secure the testimony of both psychologists that were said to have examined the victim or move for funds to have an independent psychologist examine the victim. The state postconviction court denied this claim on the basis that it is purely speculative:

> Defendant claims trial counsel was ineffective for failing to retain, or motion for funds to retain, an independent psychologist. Defendant further claims trial counsel failed to question the victim at trial regarding her diagnosis of post traumatic stress disorder following her testimony that she had seen a psychologist. Defendant asserts that the jury was allowed to speculate as to the victim's diagnosis because trial counsel did not follow up and ask her what she was diagnosed with. Defendant claims that a retained psychologist would have been able to provide a diagnosis for the jury. Defendant's claim is purely speculative, and if anything, it would seem that informing the jury regarding a specific diagnosis of post traumatic stress disorder would prejudice the defense. This claim is denied.

Exh 11: Order Denying in Part, Directing State to Show Cause in Part, page 5.

Allegations that are conclusory, speculative, lack specific factual support, or fail to sufficiently allege prejudice should be denied. "Conclusory allegations of ineffective assistance are insufficient." *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992)(quoting *United States v. Lawson*, 947 F.2d 849, 853 (7th Cir. 1991)). Moreover, an unsupported allegation, without more, is insufficient to establish prejudice under *Strickland. United States v. Hernandez,* 333 F.3d 1168, 1175 (10th Cir. 2003). *See also, Hill v. Lockhart*, 474 U.S. 52, 60 (1985)(concluding that petitioner's allegations were insufficient to satisfy the *Strickland* requirement of "prejudice"). Petitioners must "affirmatively prove prejudice." *Strickland*, 466 U.S. at 693. They cannot satisfy the second prong of *Strickland* with mere speculation and conjecture, *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992), and conclusory

allegations are insufficient to obtain habeas relief. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). Parslow fails to establish prejudice.

Ground Eight does not warrant relief.

GROUND NINE

Parslow contends trial counsel was ineffective for failing to properly object when the prosecutor questioned Parslow about letters, not entered into evidence, which were written by Parslow to a State witness. The state postconviction court found that the questioning of Parslow about the letters was proper under Florida rules, and thus counsel was not ineffective for failing to interpose an objection:

> Defendant claims trial counsel was ineffective for failing to object to questioning regarding a letter written by the defendant that was not admitted into evidence. Defendant alleges the letter should have been introduced based on the rule of completeness. This claim is without merit. The rule of completeness is based on Fla. Stat. 90.108 and refers to writing or recorded statements. It was permissible for the State to question the defendant on the contents of the letter he wrote without having to introduce the letter as evidence. The purpose of rule of completeness is to avoid the potential of creating misleading impressions by taking statements out of context. The rule only applies to writings or recorded statements. This claim is denied.

Exh 11: Order Denying in Part, Directing State to Show Cause in Part, pages 5-6.

This Court agrees that counsel was not ineffective and Ground Nine does not warrant relief.

GROUND TEN

Parslow alleges his attorney was ineffective for failing to object to the use of a leg restraining device placed on Parslow during trial. The state court properly denied this claim after reviewing the record and the response from the State:

> Defendant's remaining ground alleges that trial counsel was ineffective for failing to object to the use of a leg restraining device during trial. Defendant

claims the jury could hear an audible click when the device locked into place as well as see a protruding pin. Defendant also alleges the device cause[d] him to walk with a pronounced limp, which was also visible to the jury.

> The courts have held that it is well within a trial court's authority to restrain a defendant. *Sireci v. Moore*, 825 So.2d 882 (Fla. 2002). Additionally, even brief exposure of handcuffs or restraints is not so prejudicial as to require a mistrial. *Id.* As defendant indicated in his motion, the brace he wore was under his clothing and not clearly visible to the jury. Although defendant alleges the jury could see the protruding pin and his pronounced limp, this exposure was minimal and could have been the result of something other than a restraint device. Due to this minimal exposure, and the court's discretion to allow such devices, it is not likely that any objection by counsel would have been successful. This claim is denied.

Exh 13: Order Denying Defendant's Motion for Postconviction Relief (3.850), pages 1-2.

The state court's decision was neither contrary to, nor an unreasonable application of, the *Strickland* two-prong test for ineffective assistance of counsel. Therefore, Ground Ten of the instant petition must be denied pursuant to 28 U.S.C. § 2254(d) and (e) and Ground Ten does not warrant relief.

Accordingly, the Court orders:

That Petitioner's petition is denied. The Clerk is directed to enter judgment against Petitioner and to close this case.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ··· only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a

showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on September 9, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
David Parslow